**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREM TADROS,<br>Petitioner,<br>v.<br>KRISTI NOEM, *et al.*,<br>Respondents. | No. 25cv4108 (EP)<br>**ORDER TO ANSWER** |

Petitioner Karem Tadros ("Petitioner") filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 raising constitutional claims concerning his immigration detention on May 7, 2025, at the Elizabeth Contract Detention Center in Elizabeth, New Jersey. D.E. 1 ("Petition"). Petitioner seeks preliminary[1] and permanent injunctive relief, declaratory judgment, and release from detention. Petition ¶ 43. Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b)

[1] Petitioner's request for an Order to Show Cause why preliminary and injunctive relief should not be granted does not comply with Local Civil Rule 65.1, which requires:

> (a) Any party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit or other document complying with 28 U.S.C. § 1746 during the pendency of the action. No order to show cause to bring on a matter for hearing will be granted *except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading* of good and sufficient reasons why a procedure other than by notice of motion is necessary.

L. Civ. R. 65.1 (emphasis added). Petitioner has not provided any affidavit, other document complying with 28 U.S.C. § 1746, or verified pleading. Petitioner, however, may file a motion under Federal Rule of Civil Procedure 65(a).

of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that Petitioner has set forth an adequate basis for an **expedited answer** to the Petition. Accordingly,

**IT IS** on this **20th** day of May 2025,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within seven (7) days of the date of the entry of this Order, Petitioner's Counsel shall certify to the Court that she provided a copy of this Order to Petitioner; and it is further

**ORDERED** that within seven (7) days of the date of the entry of this Order, Respondents shall electronically file a full and complete Answer to the Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the Answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243; and it is further

**ORDERED** that Respondents shall raise by way of the Answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the Answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within five (5) days after the Answer is filed; and it is further

**ORDERED** that Petitioner may file and serve on Respondents a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65.

Evelyn Padin, U.S.D.J.