UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREM TADROS,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Respondents. | No. 25cv4108 (EP)<br><br>**ORDER** |

**ORDER**

Before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Karem Tadros. D.E. 1. Having considered the record, and for the reasons stated on the record on June 16, 2025, as well as those reasons explained in a forthcoming written opinion,

   IT IS on this 16th day of June, 2025, ORDERED as follows:

1. Petitioner Karem Tadros's Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 is **GRANTED**;
2. Petitioner has remained in perfect compliance with the conditions of release dictated in his April 9, 2009 Order of Supervision;
3. The continued detention of Petitioner is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) and 8 U.S.C. § 1231(a)(1)(C);
4. Petitioner is hereby ordered released from custody immediately;
5. Petitioner is not removeable for the reasonably foreseeable future because ICE has failed to identify a third country to which Petitioner may be removed;
6. ICE may identify a third country within thirty (30) to sixty (60) days of this order to which Petitioner may be removed;
7. If ICE identifies a third country, ICE shall provide Petitioner with a viable removal plan and provide Petitioner an opportunity to be heard with respect to the removal plan;
8. Prior to removing Petitioner to a third country, ICE shall first update this Court and ICE shall comply with the requirements described in *D.V.D. v. D.H.S., et al.*, No. 25-10676, 2025 WL 1142968, at *24 (D. Mass. Apr. 18, 2025), *appeal filed*, No. 25-1393 (1st Cir. Apr. 22, 2025).
9. ICE may not detain Petitioner again without complying with 8 C.F.R. § 241.4;
10. ICE shall not revoke Petitioner's Order of Supervision without complying with 8 C.F.R. § 241.4(l);

11. Petitioner shall report to an U.S. Immigration and Customs Enforcement ("ICE") facility to be processed for release following this hearing at 970 Broad Street, Newark, New Jersey;
12. Petitioner's release remains subject to the conditions of release dictated in his Order of Supervision;
13. If ICE deems these conditions insufficient, ICE shall modify the conditions through appropriate administrative process after Petitioner's release from detention. *See* 8 C.F.R. § 241.13(h)(1);
14. ICE's request that an ankle monitor be placed on Petitioner is denied and will not be granted absent an application to this Court and a showing that exigent circumstances apply;
15. The Court will retain jurisdiction to enforce compliance with this order and to address further material developments concerning Petitioner's removal.

**SO ORDERED**

_____
Evelyn Padin, U.S.D.J.